IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOHN SLOAN, | ) | Civil Action No. 2:16-cv-01182 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | United States Magistrate Judge |
| v. | ) | Cynthia Reed Eddy |
| | ) | |
| SUPERINTENDENT THOMPSON, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Currently pending before the Court is Plaintiff's Motion to Waive the Requirement or Necessity for a Certificate of Merit (ECF No. 82) and the related motion filed by the Medical Defendants to strike the purported certificates of merit which were attached to Plaintiff's motion. (ECF No. 85).

Among Plaintiff's claims which have survived the Medical Defendants' motion to dismiss are medical malpractice/ negligence claims against the Medical Defendants, filed in this Court pursuant to its supplemental jurisdiction powers. Plaintiff's request to have the Court waive the requirement or necessity for him to file a Certificate of Merit is **DENIED**.

Under Pennsylvania law, "medical malpractice can be broadly defined as the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal, D.D.S., P.C.,* 824 A.2d 1140, 1145 (Pa. 2003). As is true with all negligence claims, one element of a cause of action is causation.

The *Toogood* court stated that there is "very narrow exception to the requirement of expert medical testimony in medical malpractice actions [but only] where the matter is so simple or the lack of skill or care so obvious as to be within the range of experience and comprehension

1

of even non-professional persons." *Toogood,* 824 A.2d at 1145 (internal quotations omitted). At this stage of the litigation, the Court is unable to ascertain whether the narrow exception set out in *Toogood* is applicable to this case. Therefore, the Court as a matter of law, is not able at this time to determine whether expert testimony is required under the facts of this case to support Plaintiff's claims. This is a matter better suited for determination at the summary judgment stage or at trial.

Similarly, Defendants' motion to strike is **DENIED** without prejudice. Defendants may refile this motion after the record is fully developed.

So **ORDERED** this 27th day of March, 2018.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: JOHN SLOAN
KH 0937
SCI Mercer
801 Butler Pike
Mercer, PA 16137
(via U.S. First Class Mail)

Yana L. Warshafsky
Office of the Attorney General
(via ECF electronic notification)

Benjamin M. Lombard
Meghan K. Adkins
Samuel H. Foreman
Weber Gallagher Simpson Stapleton Fires & Newby
(via ECF electronic notification)